IN THE UNITED STATES DISTRICT COURT
DISTRICT OF KANSAS

**Gerald Tangney,**

       **Plaintiff,**

v.                                           **Case No. 04-2576-JWL**

**Weber Marking Systems, Inc.,**

       **Defendants.**

## MEMORANDUM & ORDER

Plaintiff filed his complaint against defendant on November 30, 2004. On March 31, 2005, the court ordered plaintiff to show good cause in writing on or before April 15, 2005 why defendant was not served with the summons and complaint within 120 days from the filing of the complaint and to show good cause why the court should not dismiss the case in its entirety without prejudice pursuant to Federal Rule of Civil Procedure 4(m). Within days of receiving the court's order to show cause, plaintiff obtained service on defendant. Thereafter, plaintiff filed a timely response to the order to show cause and, at the same time, filed a motion for an extension of time to serve defendant. On April 18, 2005, this court concluded that plaintiff had shown good cause for failing to timely serve defendant and declined to dismiss plaintiff's complaint. The following day, defendant filed a motion to dismiss plaintiff's complaint based on plaintiff's failure to serve defendant within the 120-day period. Defendant's motion to dismiss and plaintiff's motion for an extension of time are presently pending before the court.

Rule 4(m) provides in relevant part that

> [i]f service of the summons and complaint is not made upon a defendant within 120 days after the filing of the complaint, the court, upon motion or on its own initiative after notice to the plaintiff, shall dismiss the action without prejudice as to that defendant or direct that service be effected within a specified time; provided that if the plaintiff shows good cause for the failure, the court shall extend the time for service for an appropriate period.

The plaintiff is entitled to a mandatory extension of time if the plaintiff demonstrates good cause for failing to timely effect service. *Espinoza v. United States*, 52 F.3d 838, 841 (10th Cir. 1995). Significantly, the court has already ruled, on April 18, 2005, that plaintiff has shown good cause for failing to timely effect service.[1] An extension of time, then, is mandatory and the 8 additional days that it took plaintiff to obtain service is certainly an "appropriate period" within the meaning of Rule 4(m). For this reason, plaintiff's motion for an extension of time is granted and defendant's motion to dismiss is denied.

**IT IS THEREFORE ORDERED BY THE COURT THAT** plaintiff's motion for an extension of time to serve defendant (doc. 8) is granted and defendant's motion to dismiss

---

[1] Defendant contends that the court's finding of good cause has no relevance to plaintiff's motion for an extension of time and that the court's finding "only goes to the unilateral issue between the Court and plaintiff regarding the demand to show cause for the Court not to summarily dismiss the case." Defendant is incorrect. The court's order to show cause required plaintiff to show good cause as to why defendant was not served in a timely fashion. The court's finding of good cause, then, means that plaintiff showed good cause for failing to timely effect service. That finding mandates the conclusion that plaintiff is entitled to an extension.

While the court entered its order finding good cause before defendant had the opportunity to reply to plaintiff's response to the order to show cause, the court has considered the arguments presented by defendant in its motion to dismiss and would nonetheless conclude that good cause existed for plaintiff's failure to timely effect service.

plaintiff's complaint (doc. 14) is denied.

**IT IS SO ORDERED.**

Dated this 1st day of June, 2005, at Kansas City, Kansas.

                                            s/ John W. Lungstrum
                                            John W. Lungstrum
                                            United States District Judge