**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS**

**GERALD TANGNEY,**

    **Plaintiff,**

**v.**              **Case No.  04-2576-JWL-DJW**

**WEBER MARKING SYSTEMS, INC.,**

    **Defendant.**

## STIPULATED PROTECTIVE ORDER

  Pursuant to the agreement and stipulation of the parties, and for good cause shown, including the protection of certain potentially confidential or proprietary information or documents ("Confidential Material") which have been or will be disclosed in the course of discovery,

  The Court HEREBY GRANTS the parties' Joint Motion for Protective Order (doc. 21) and IT IS HEREBY ORDERED, as follows:

  1.  "Confidential Material" as used herein means any document, deposition transcript (or portion thereof), or interrogatory response which contains or refers to any personnel or payroll information regarding defendant's current or former employees, proprietary or trade secret information relating to defendant's business or customers, and any personal, medical, psychological, or financial information regarding plaintiff or family members of plaintiff or arrest, diversion, or other non-public records of criminal or juvenile proceedings regarding any member of plaintiff's family.

  2.  A party wishing to designate the deposition transcript (or a portion thereof) of one of its

1

own witnesses, or its interrogatory responses, or any documents it is producing as "Confidential Material" shall do so by affixing a label or stamp to such document proclaiming the item to be "Confidential" or by providing the other party written notice that identifies each document or transcript, by its number label or other identifying marks, that the producing party deems Confidential Material.  The designation of a document as Confidential Material shall be done at the time of production.  The designation of a deposition (or a portion thereof) shall be done either at the time of the taking of the deposition or within five (5) days after receiving a copy of the deposition transcript.  In regard to documents that have been produced or depositions taken prior to the entry of the Stipulated Protective Order, the parties shall designate any documents or deposition transcript (or a portion there) as Confidential material within fourteen (14) days from the entry of this order.

3.      All documents produced by either party at any time that contain an employee's personnel or payroll information or plaintiff's personal, medical, psychological or financial information shall automatically be considered "Confidential Material" under this order.

4.      All Confidential Material produced by a party during discovery in this case, summaries of any such Confidential Material, shall be used solely for the purpose of this litigation and shall not be used in or for the preparation of any other lawsuit or proceeding or for any other purpose whatsoever.  No copying or summaries of any such Confidential Material shall be made or permitted to be made other than copies and summaries necessary for use in this action by the persons set forth in paragraph 6 below.

5.      A party shall not be obligated to challenge the propriety of a designation of material as "Confidential" at the time such designation is made, and failure to do so shall not preclude a subsequent

challenge thereto. In the event that any party to this litigation disagrees at any stage of these proceedings with the designation of documents, interrogatory responses, or deposition testimony as "Confidential," and the parties are unable to resolve such dispute in good faith on an informal basis, the aggrieved party may request appropriate relief from the Court and the party seeking to prevent disclosure shall have the burden of proof that there is good cause for the material to have such protection. The information shall remain as designated pending disposition of any such motion.

6. Until an order by the Court that information designated as "Confidential" is not, in fact, confidential, such information may be disclosed only to the following persons:

   a. Outside counsel employed by a party to this litigation, and inside counsel of a party working on this litigation, and the paralegal, secretarial, and clerical employees working under the direct supervision of such counsel;

   b. Persons who are expressly retained by counsel to assist in the preparation of this litigation for trial, such as independent accountants, statisticians, or economists or other experts, and the staff working under the direct supervision of such persons retained to assist in the preparation of this litigation for trial, provided that such persons have signed an affidavit acknowledging that they have read this stipulation and order and agree to be bound by its terms;

   c. The defendant and plaintiff and their attorneys;

   d. Witnesses whose depositions are being taken; and

   e. The Court.

7. Before disclosing any Confidential Material to those persons specified in paragraph 6, subsections (b) and (d) hereof, counsel shall first give a copy of this Protective Order to such persons who shall read and/or be provided a reasonable warning regarding the terms of this Protective Order and be fully familiar with the provisions hereof and agree to abide thereby.

8. Prior to the time of trial or at such earlier time as it becomes necessary for the parties to rely upon Confidential Material in connection with a motion or hearing, the parties shall attempt in good faith to remove the designation of "Confidential" with respect to deposition transcripts and exhibits thereto to the greatest extent possible.

9. A party wishing to file a brief or other pleading that contains "Confidential" information shall file a motion for leave of Court to file such "Confidential" information or document(s) under seal with the Court, which sets forth good cause for filing under seal. Upon approval of such motion, the moving party shall file with the Court the approved information or document(s) that have been designated as "Confidential" pursuant to the Court's order, submitted to the Clerk in an envelope marked: "Confidential Filed Under Seal," or words of similar import, **pursuant to United States District Court, District of Kansas, Local Rule 5.4.6.** with a copy of the Order and a Certificate signed by the attorney certifying that the sealed documents are those approved by the Order to be filed under seal. The Clerk of the Court is directed to maintain, under seal, all documents, brief exhibits, transcripts, or interrogatory answers that have been so marked and approved by Order of the Court.

10. Within thirty (30) days after the conclusion of this litigation, all originals and copies of any Confidential Material produced by a party, or summaries of such Confidential Material, shall be returned

to the producing party. The provisions of this stipulation and order regarding confidentiality shall continue in effect notwithstanding termination of the litigation, except that this provision shall not apply to documents and records maintained by the Clerk of the Court in maintaining the official Court record.

11. Nothing in this Protective Order shall operate to waive the right of any party to this lawsuit to assert objections to the production or admissibility of the Confidential Material. Issues of use or admissibility at trial shall be determined by the Court.

12. This Protective Order may be modified by written stipulation signed by the attorneys of record and/or by further order of the Court upon application to the Court, with proper notice.

13. Nothing in this protective order shall preclude any party from seeking any additional protection with respect to the confidentiality of documents or information.

IT IS THEREFORE ORDERED that the parties' Joint Motion for Protective Order (doc. 21) is granted.

IT IS SO ORDERED.

Dated this 18th day of July 2005.

s/ David J. Waxse  
David J. Waxse  
U.S. Magistrate Judge

| | |
|---|---|
| SUBMITTED AND AGREED TO BY: | |
| RANDLES, MATA & BROWN, LLC | ANDERSON LAW GROUP |
| By:  /s/ Luis Mata | By: /s/ Denise M. Anderson |
| Luis Mata   Ks. # 9003 | Denise M. Anderson   Ks. # 14473 |
| *luis@ranles-mata.com* | *danderson@andersonlg.com* |
| Rebecca M. Randles  Ks. #16832 | Henry R. Cox   Ks. 11010 |
| *rebecca@randles-mata.com* | *hcox@andersonlg.com* |
| 406 West 34th Street, Ste. 623 | 110 West Ninth Street |
| Kansas City, Missouri 64111 | Kansas City, Missouri 64105 |
| (816) 931-9901 (telephone) | (816) 472-1441 (telephone) |
| (816) 931-0134 (facsimile) | (816) 472-4114 (facsimile) |
| | |
| ATTORNEYS FOR PLAINTIFF | ATTORNEYS FOR DEFENDANT |
| GERALD TANGNEY | WEBER MARKING, INC. |